PER CURIAM.
Plaintiffs Laurel Run Associates and Clearview Gardens Associates appeal from separate judgments of the Tax Court. Laurel Run appeals from a ruling precluding plaintiffs expert from giving testimony on the impact of the Tenant Property Tax Rebate Act, N.J.S.A. 54:4-6.2 to -6.13 (the Act). Clearview Gardens appeals from the trial judge’s nonrecognition of the Act as having an impact on the value of its property. Because both of these appeals raise the same issue, we have consolidated them for the purpose of this opinion.
I
Plaintiff Laurel Run Associates is the owner of a 104 unit garden apartment complex located in Bordentown. Defendant Bordentown Township assessed the property at $3,104,000.
Plaintiff filed an appeal challenging its 1993 real property assessment. Plaintiffs expert, Natalie Urbano, appraised the property and provided two valuations. One approach ignored the impact of the Act and concluded that the fair market value of plaintiffs property for 1993 was $2,230,000. The second approach recognized the impact of the Act and concluded that the fair market value of plaintiffs property for 1993 was $2,113,000.
On the day of trial, the court allowed the parties to discuss settlement but no settlement was reached. The parties were about to start trial when the judge informed them that the matter would have to be adjourned because of her unavailability for the rest of the afternoon. However, before court was adjourned, defendant made a motion in limine to preclude plaintiffs expert from testifying on the impact of the Act on the value of plaintiffs property. The trial judge adjourned the motion to the new trial date and allowed the parties an opportunity to submit briefs on the issue of whether the Act should be considered in valuing the subject property.
The parties subsequently settled the matter and agreed to an assessment of $2,600,000 subject to a further reduction if plaintiffs *194 expert was allowed to testify on the impact of the Act and that evidence was accepted by the court. The court heard the motion and on January 14, 1994, ruled from the bench and granted defendant’s motion. The Tax Court judge provided a written opinion on April 13, 1994. It is from this determination that plaintiff Laurel Run Associates appeals.
II
Plaintiff Clearview Garden Associates is the owner of a Garden Apartment Complex located in Parsippany-Troy Hills. Defendant Parsippany-Troy Hills Township assessed the property at $788,-000, based on a fair market value of $1,390,000 to which the Director’s equalization ratio of .5454 was applied.[2] The upper limit of the Director’s equalization ratio for 1993 was .6272. Plaintiff filed an appeal challenging its 1993 real property assessment. Plaintiffs expert, Natalie Urbano, appraised the property and provided two valuations. One approach ignored the impact of the Act and concluded that the assessed value of plaintiffs property for 1993 was $640,300, after applying the equalization ratio of .5454 to a fair market value of $1,174,000. The second approach recognized the impact of the Act and concluded that the assessed value for 1993 was $615,200, after applying the equalization ratio of .5454 to a fair market value of $1,128,000. Urbano testified as to the two methods of valuation. The Tax Court judge found the fair market value of the property to be $1,264,369, and when the upper limit of the equalization ratio was applied, he concluded that the assessment for 1993 was $793,000. The trial court therefore affirmed the defendant’s assessment of plaintiffs property for 1993.[3] It is from this determination that plaintiff Clearview Gardens Associates appeals, asserting that the trial judge failed to recognize the Act as having an impact on value.
*195 III
The Act provides “[a]n owner of qualified real rental property shall provide a property tax rebate to the tenants thereof ... for each year in which he receives a property tax reduction.” N.J.S.A 54:4-6.4. The properties owned by plaintiffs are “qualified real rental property.” N.J.S.A 54:4-6.3a.
‘Property Tax Reduction’ means ... the difference between the amount of property tax paid or payable in any year on any qualified real rental property, exclusive of improvements not included in the assessment on the real property for the base year, and the amount of property tax paid in the base year, but such calculations for the property tax reduction shall exclude reductions resulting from judgments entered by county boards of taxation, the [T]ax [Clourt, or by courts of competent jurisdiction..... ‘Property tax reduction’ shall not include any amount in excess of that which is identified herein. Any such amount shall be retained by the property owner.
W.J.S.A 54:4-6.3b.]
‘Base year1 means ... for qualified real rental property rented or leased or offered for rent or lease on or after the effective date of this act, the tax year prior to any year in which the property tax on that property is decreased from the 1990 tax year or decreased from any tax year since the 1990 tax year, whichever tax year results in the largest property tax decrease.
[N.J.S.A 54:4-6.3(c).]
Plaintiffs argue that the real estate taxes should be deducted from income in arriving at net income to be capitalized in the capitalization of income valuation method. In New Brunswick v. State of N.J. Div. of Tax Appeals, 39 N.J. 537, 189 A.2d 702 (1963), our Supreme Court held that “it [is] clearly wrong to capitalize the net rentals after taxes.” Id. at 551, 189 A.2d 702. “[W]hen the issue is the valuation of the property for taxation, the amount of the taxes, depending as they do upon the very answer which is sought, cannot be accorded a role in reaching it.” Id. at 546, 189 A.2d 702. Plaintiffs assert that the reasoning of New Brunswick is no longer applicable in this context because the Act now requires the landlord to rebate to tenants 100% of any property tax reduction, and the base year is the year the taxpayer pays the highest real estate taxes beginning in 1990 or subsequent to 1990.
Plaintiffs contend that with these statutory provisions the minimum tax and rebate liability are fixed and can never decrease, *196 therefore, “it is appropriate to deduct this amount from net income in considering the impact of the [A]ct.” Their argument is that the taxpayer must pay the base year real estate taxes to the municipality, and if there is a reduction, the reduced taxes must be paid to the municipality with the difference being paid to the tenants. Accordingly, they assert that there is a fixed minimum real estate tax amount that can be deducted in arriving at net operating income to be capitalized.
We disagree. First, plaintiffs have never paid a rebate under the Act and there is no way to determine from this record that a rebate would be paid in the future. Moreover, the likelihood of future rebates is speculative inasmuch as the tax rate of the municipality is unknown. Clearly, the taxes in the future could increase. In the case of plaintiff Laurel Run, even if the assessed value of plaintiffs property were lower than its assessed value in 1991 (Laurel Run’s base year), the taxes might nevertheless increase because the tax rate might be higher.
The same reasoning applies to plaintiff Clearview Gardens. No rebate has ever been paid and the future tax rate is unknown. So even if there is a decrease in the assessed value from the base year, plaintiffs taxes might increase due to a higher tax rate. Furthermore, plaintiffs expert testified that taxes have gone up since 1990, and that she valued the property in the first instance, ignoring the impact of the Act, and in the second instance she recognized the impact of the Act because she did not know which method was correct. She further acknowledged that it was “speculative” that the tax rate might go down in the future. “[V]aluation, although based upon a forecast of earnings, must be found upon what was known and anticipated as of the assessing date, unaided by hindsight.” New Brunswick, supra, 39 N.J. at 545, 189 A.2d 702.
Finally, we note that although plaintiff Laurel Run had a reduction in taxes for 1993, no rebate will be paid because the reduction results from a judgment “entered by ... the [T]ax [C]ourt.” N.J.S.A 54:4-6.3b. The definition of a property tax reduction “excludes reductions resulting from judgments entered *197 by county boards of taxation, the [T]ax [C]ourt, or by courts of competent jurisdiction.” Ibid.
As argued by both plaintiffs and defendants, the Act could be avoided by the simple expediency of appealing every tax assessment which results in lower taxes. After filing the appeal, the taxpayer can then settle the suit before the county board or the Tax Court, and the reduction will therefore be entered not at the municipal level but within the bounds of the statutory exclusion. Under the current working of the statute, the tenants in such cases would not share in the reduction, thus thwarting the purpose of the Act. We are satisfied however that the Legislature did not intend such a result should a taxpayer file such a sham appeal.
On the record before us, we have no such issue raised, so we do not address or render an opinion on what should occur in the event of such a sham appeal. We leave any correction of this peculiarity in the Act to a court with that issue properly before it or to the Legislature, should it decide to address this issue.
We affirm Laurel Run Associates substantially for the reasons set forth in Judge Hamill’s written opinion of April 13, 1994, and affirm Clearview Garden Associates substantially for the reasons set forth in Judge Lasser’s oral opinion of December 6, 1993.

 N.J.S.A. 54:1-35.1 to 35.6 et seq.

 Because the upper limit of the Director’s equalization ratio was .6272 resulting in a proper assessment of $793,000, the Tax Court judge affirmed defendant’s assessment of $788,000.